IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | : | District Judge Susan J. Dlott |
| | : | Magistrate Judge Timothy Hogan |
| Plaintiff, | : | |
| | : | Case No. 1:04-cr-139 |
| v. | : | |
| | : | |
| Steven Carey, | : | |
| | : | ORDER DENYING MOTION TO |
| Defendant. | : | CLARIFY OR AMEND JUDGMENT |
| | : | |

This matter comes before the Court on Defendant Steven Carey's Motion[1] to Clarify or Amend Judgment.  (Doc. #21.)  For the reasons below, the Motion is **DENIED**.

I.      BACKGROUND

In late October 2005, this Court sentenced Defendant Carey and a number of other individuals to terms of incarceration for their participation in a mortgage fraud or "flipping" conspiracy.  Representatives of Trustcorp, a financial institution that sustained losses on fraudulent mortgages, appeared at a number of the sentencing hearings to petition the Court for awards of criminal restitution pursuant to the Victim and Witness Protection Act ("VWPA"), 18 U.S.C. § 3663 *et seq.*, and Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A.

At Defendant Carey's sentencing hearing, Trustcorp submitted that it had sustained $78,955 in losses on fraudulent mortgage transactions with which Defendant Carey had been involved, and sought an order of restitution against Carey in that amount.  For support, Trustcorp submitted an exhibit representing that it had lost $78,955 on a loan designated as "752 Whittier

---

[1] The Motion was submitted in the form of a letter.  See infra note 6.

Street, Account Number 330000." (See Trustcorp Mortgage Company Statement as to Steven Carey and attachment (submitted as sentencing exhibit).) Counsel for Defendant Carey did not object to the requested $78,955 award. The Court accordingly ordered Defendant Carey to pay $78,955 to Trustcorp in its October 25, 2005 oral pronouncement of sentence, and included that obligation in Carey's October 31, 2005 Judgment and Commitment Order ("J&C"). (See doc. #19-1 at 5-6.) The Court also ordered Carey to pay $6,279 in restitution to the Internal Revenue Service, for a total restitution obligation of $85,234, as well as a $50,000 fine. (Id. at 5.)

While Defendant Carey's counsel did not object to Trustcorp's restitution demand at sentencing, counsel for several other "flipping" defendants the Court sentenced in late October 2005 did object to Trustcorp's sentencing demands against their clients. The Court set a further hearing to determine the validity of Trustcorp's restitution demands against these *objecting* defendants, along with restitution claims by other entities allegedly injured in the "flipping" scheme. Because Defendant Carey was not among the objecting defendants, he was not a designated party to the restitution hearing. However, the Court recognized that the sentencing exhibit Trustcorp had submitted in support of its $78,955 restitution demand against Carey had represented that one of the objecting defendants, Charlene Bold, could be jointly liable on the same underlying mortgage transaction and loss. (See Trustcorp Mortgage Company Statement as to Steven Carey and attachment (submitted as sentencing exhibit).) Therefore, in preparing Defendant Carey's J&C, the Court checked the box indicating that restitution could be "joint and several," with any jointly liable defendants and/or amounts "to be determined by Order of the Court" after the restitution hearing. (See doc. #19-1 at 6.)

Pursuant to 18 U.S.C. § 3664(d)(6), Magistrate Judge Hogan held the scheduled restitution hearing for this Court in early December 2005[2] and issued a Report and Recommendation ("R&R") on December 16th, 2005.[3] (See, e.g., Ex. A, doc. #32 to 1:03-cr-129 (Order Adopting R&R) at 3.)[4] While the hearing was intended in large part to explore the factual and legal basis for Trustcorp's restitution claims as to the objecting Defendants, that purpose was mooted when, in the course of the hearing, Trustcorp reached a series of civil settlements with those objecting defendants. (Id. at 1-3.) The R&R therefore focused primarily on the restitution demands of another claimant, the neighborhood group Price Hill Will, against another defendant, Ronald Trester, against whom Trustcorp had not sought restitution. (Id. at 3.)

On January 20, 2006, this Court entered an Order adopting the Magistrate Judge's R&R on restitution. (Ex. A.) In that Order, attached as Exhibit A, the Court explicitly declined to rule on the merits or appropriate amounts of any of the restitution demands Trustcorp had presented at the objecting defendants' sentencing hearings, noting that "the relevant demands have been withdrawn pursuant to civil settlements." (Id. at 1, 3; see also id. at 20-21 (analysis).)[5]

---

[2] The Court initially planned to hold the hearing on or around January 20, 2006, but rescheduled it in order to make time for an R&R and objections within the 90-day window provided for its final order on restitution. See 18 U.S.C. § 3664(d)(5) and discussion at Part II, infra. The hearing began on December 1st, 2005 and continued to December 8th, 2005.

[3] The Court's Order adopting the Magistrate's R&R incorrectly recites this date as December 14, 2005. (See doc. #32 to 1:03-cr-129 at 3.)

[4] This Order was not previously entered in Defendant Carey's docket because, as noted above, Carey was not among the defendants who objected to Trustcorp's restitution demands at sentencing and was not a party to the restitution hearing. The attached copy is from the docket of one of the objecting defendants, Charlene Bold.

[5] The Court reaffirmed this determination in a subsequent Order denying Trustcorp's Motion to Clarify its January 20, 2006 Order. (See doc. #36 to 1:03-cr-129.)

Therefore, the Court never had occasion to determine whether – or to what extent – other defendants, including but not limited to Charlene Bold, might be jointly and severally liable for any losses on the 752 Whittier Street mortgage that served as the basis for Trustcorp's restitution demand against Defendant Carey.

On May 3, 2006, the Court received Defendant Carey's present Motion to Clarify or Amend Judgment. (Doc. #21.)[6] Carey writes, in relevant part, that

> At the time of my sentencing [the Court] ordered me to pay $50,000 in fines and $85,234 in restitution to the IRS and Trust-Corp Mortgage. [The Court] also stated that on January 20th, 2006 there would be a separate hearing to determine Joint and Several Liability to Trustcorp Mortgage. I am writing to you today to find [*sic*] the results of the 20 January hearing.[7] I am also writing to request that you consider lowering my restitution to the amount of $15,791. This amount equals 1/5th of the total restitution to Trustcorp Mortgage. I believe this is the true amount owed as I was only one of five people involved in this transaction.

(Id.)

## II. ANALYSIS

Upon review, the Court declines to amend Defendant Carey's October 31, 2005 J&C to require him to pay only $15,791 in criminal restitution to Trustcorp. Several considerations compel this result.

First, in suggesting that his restitution obligation be capped at one-fifth of Trustcorp's total $78,955 restitution demand as to 752 Whittier Street, Carey appears to conflate "joint and several" liability with purely "several" liability. Even *assuming arguendo* that four other

---

[6] The Motion is in the form of a letter, dated April 24, 2006 and signed by Carey. Carey submits that he is currently incarcerated and cannot afford an attorney. (Id.) In light of these circumstances as well as the substantive content of the letter, discussed above, the Court determined that the letter should be construed as a Motion.

[7] As previously noted, the restitution hearing was initially scheduled for this date but was later moved back to December 2005 and held before Magistrate Judge Hogan. See supra note 2.

defendants were involved in the fraudulent Whittier Street transaction[8] and that five total individuals could therefore be ordered to pay restitution to Trustcorp for its estimated losses, each of those individuals – including Carey – could properly be held accountable for the entire loss amount so long as liability was designated as joint and several. Carey's ultimate obligation would not, as he submits, necessarily be limited to one-fifth of the total estimated losses.

It is also undisputed that Carey's counsel did not object, at sentencing, to Trustcorp's submission that it was entitled to $78,955 in restitution from Carey. While the Court did anticipate at the time of sentencing and in Carey's J&C that it *might* later determine that additional defendants were *also* liable for some or all of the losses that Trustcorp attributed to Carey, Carey's individual obligation to pay $78,955 to Trustcorp was not conditioned on any such determination. Had Carey's counsel objected to Trustcorp's loss figure, Carey might have reduced his financial liability below $78,955 by either successfully contesting Trustcorp's calculations at the evidentiary hearing or negotiating a civil settlement of Trustcorp's claim. In any event, Carey is bound by his counsel's presumably reasoned choice to accept Trustcorp's loss estimate and demand rather than to invest further time and legal expense disputing it.

Finally, even if the Court had good cause to reduce Carey's restitution obligation to Trustcorp, it would lack the statutory authority to do so at this time. As the Court explained in its January 20, 2006 order on restitution, it was obliged under the MVRA and VWPA to make a "final determination" on the restitution payable by each "flipper" defendant within 90 days of that defendant's sentencing. (Ex. A at 3 n. 6 (citing 18 U.S.C. § 3664(d)(5) and United States v.

---

[8] While the Court has no particular reason to doubt Carey's assertion, it is not aware of any record evidence on this point other than Trustcorp's sentencing exhibit representing that Charlene Bold was also associated with the 752 Whittier transaction. See Part I, supra.

Jolivette, 257 F.3d 581, 582-83 (6th Cir. 2001).)[9]  In Defendant Carey's case, that 90-day window closed on or around January 23, 2006.

### III. CONCLUSION

For the reasons above, Defendant Steven Carey's Motion to Clarify or Amend Judgment (doc. #21) is **DENIED**.

IT IS SO ORDERED.

   s/Susan J. Dlott
Susan J. Dlott
United States District Judge

---

[9] The statutes recognize one exception to this deadline: a crime victim who subsequently discovers additional losses and shows good cause for failure to include them in its original restitution demand may petition for an amended restitution order within 60 days of the discovery. (18 U.S.C. § 3664(d)(5).)  That exception does not apply here.